FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 FEB 14 AM 11: 07
U.S. DISTRICT COURT
N.D. OF ALABAMA

KEVIN O. WILLIAMS,             )
                               )
          Plaintiff,           )
                               )
     v.                        )   CIVIL ACTION NO. 96-G-0916-S
                               )
JAMES HENRY FOSTER, an         )
individual; TOMBIGBEE TRANSPORT)
CORPORATION, a corporation;    )
AQUA GLASS, a corporation,     )
                               )
          Defendants.          )

ENTERED
FEB 14 1997

MEMORANDUM OPINION

This cause is before the court upon the motion of defendant Aqua Glass Corporation for summary judgment filed December 31, 1996. This action arises out of an automobile accident. The plaintiff alleges defendant Foster, as an agent for the other defendants, negligently and/or wantonly operated the tractor trailer he was driving so as to strike the plaintiff's vehicle, thereby causing him to be injured.

Defendant Aqua Glass Corporation bases its motion for summary judgment on the uncontradicted deposition testimony of Sammy English and defendant James Henry Foster. That testimony establishes that defendants Foster and Tombigbee were not hauling the products of Aqua Glass at the time of the accident. The plaintiff has submitted nothing in opposition to the motion.

9

Plaintiff has, therefore, failed to introduce a genuine issue for trial as to the liability of Aqua Glass for the actions of defendant Foster. Plaintiff's unsupported allegations in his complaint do not meet that burden. The issue of the liability of defendant Aqua Glass for the actions of the other defendants having been raised, the plaintiff must "go beyond the pleadings and by [his] own affidavits, or by the `depositions, answers to interrogatories, and admissions on file' designate `specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324, 91 L. Ed. 2d 265, 274 (1986). The plaintiff has failed to meet that burden.

Accordingly, summary judgment is due to be granted in favor of defendant Aqua Glass and against the plaintiff, there being no genuine issue of fact and defendant Aqua Glass being entitled to judgment as a matter of law on plaintiff's claims. An appropriate order will be entered contemporaneously herewith.

DONE this 14th day of February 1997.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.